UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALEXANDRIA LINDERS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FESTIVAL FUN PARKS, LLC,<br><br>Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Alexandra Linders brings this action on behalf of herself, and all others similarly situated against Festival Fun Parks, LLC ("Defendant" or "Lake Compounce"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

**NATURE OF THE ACTION**

1. For nearly two years, Defendant has been nickel and diming visitors of its Lake Compounce entertainment facility on its website in violation of the Connecticut General Statutes § 53-289a (2024). Whenever a consumer selects an admission ticket on the website lakecompounce.com, she is quoted a fee-less price, only to be ambushed by a non-delineated "Processing Fee" at checkout after clicking through the various screens required to make a purchase. This cheap trick has enabled Defendant to swindle substantial sums of money from their customers.

2. To stop this hustle, Connecticut amended its General Statutes to provide that "No person shall advertise the prices of tickets to any entertainment event, including, but not limited

to, any place of amusement, arena, stadium, theater, performance, sport, exhibition or athletic contest given in this state for which a service charge is imposed for the sale of a ticket at the site of the event, without conspicuously disclosing in such advertisement, whether displayed at the site of the event or elsewhere, the total price for each ticket and what portion of each ticket price, stated in a dollar amount, represents a service charge." C.G.S.A. § 53-289b. "Any person that facilitates the sale or resale of a ticket to an entertainment event shall (A) disclose the total price of such ticket, which total price shall include all service charges required to purchase such ticket, and (B) disclose, in a clear and conspicuous manner, to the purchaser of such ticket the portion of the total ticket price, expressed as a dollar amount, that is attributable to service charges charged to such purchaser for such ticket." C.G.S.A. § 53-289a(d)(1). "No disclosure required under this subsection shall be (A) false or misleading, (B) presented more prominently than the total ticket price, or (C) displayed in a font size that is as large or larger than the font size in which the total ticket price is displayed." C.G.S.A. § 53-289a(d)(3). This latest version of the law went into effect October 1, 2023.

3. Lake Compounce's scheme violates the Connecticut Unfair Trade Practices Act, C.G.S.A. §§ 42-110b, *et seq.*, and unjustly enriches the Defendant.

4. For these reasons, Plaintiff seeks relief in this action individually, and on behalf of all other ticket purchasers for Defendant's place of entertainment, Lake Compounce, for actual damages, reasonable attorneys' costs and fees, and injunctive relief under C.G.S.A. §§ 42-110g, *et seq.*

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members, and the aggregate amount in

controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one class member is a citizen of a state different from Defendant.  Defendant sold at least 1,250,000 tickets to its place of entertainment through its website during the applicable class period, and is liable for a minimum of $4.00 in actual damages for each ticket sold.  There is minimum diversity under 28 U.S.C. § 1332(d) because the majority of class members who visit Defendant's place of entertainment come from other states.  Indeed, Lake Compounce is centrally located in Connecticut.  Additionally, Defendant is a corporation from the State of Pennsylvania, and Plaintiff is a resident of Connecticut.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because Lake Compounce is located in this District and therefore a substantial part of the events or omissions giving rise to the claim occurred in this District.

7. This Court has personal jurisdiction over Defendant because Defendant operates a place of entertainment, Lake Compounce, in this District and sells tickets to visit its place of entertainment through its website.

**PARTIES**

8. Plaintiff Alexandria Linders is an individual consumer who, at all times material hereto, was a citizen and resident of Waterbury, Connecticut.  Plaintiff purchased one 2024 Gold Season Pass to Lake Compounce on or about April 30, 2024 through Defendant's website, lakecompounce.com.  The transaction flow process she viewed on Defendant's website was substantially similar to that as depicted in Figures 1 through 9 in this Complaint.

9. Defendant Festival Fun Parks, LLC is a Delaware limited liability company with its principal place of business in Pittsburgh, Pennsylvania.  Defendant owns and operates Lake Compounce in Bristol, Connecticut, and its website, lakecompounce.com.

**RELEVANT FACTUAL ALLEGATIONS**

10.     When a person visits Defendant's website, lakecompounce.com, on the main page, she can click the "Tickets & Passes" button to select admission tickets to visit Defendant's place of entertainment, Lake Compounce.   *See* Figure 1, next page.



**Figure 1**

11.     After a consumer selects the "Tickets & Passes" button, she is taken to a screen which lists the prices of tickets and passes.  *See* Figure 2.  Here, Lake Compounce advertises its tickets as "$34.99" for a "Single Day Ticket."  *Id.*  However, this is not the actual cost of a single day ticket to Lake Compounce.

4



**Figure 2**

12.     Once a consumer clicks the "Buy Now" button, she is taken to another page where the price of "$34.99" for a "Single Day Adult Ticket" is reaffirmed to her.  *See* Figure 3. From here, the consumer can select the number of tickets she wishes to add to her cart.  *Id.*  Now that the tickets have been added to the consumers cart, she may click the "Continue" button to proceed with her purchase.  *Id.*



**Figure 3**

13.     Once the consumer has clicked the "Continue" button, she is taken to another page where she can select the date she wishes to attend Lake Compounce.  *See* Figure 4, next page.



**Figure 4**

14.  Once a consumer has selected the date she wishes to attend Lake Compounce, she can click the "Continue" button again. From there, the consumer is again reassured that her "Single Day Adult Ticket" costs "$34.99" on the date she selected. *See* Figure 5.



**Figure 5**

7

15.     Once the consumer clicks the "Continue" button again, she is presented with a screen that offers her the option to upgrade. *See* Figure 6. While distracting the consumer with another choice to make, Lake Compounce changes her total cost and sneaks in a $4.00 "Processing Fee." *Id.* This is the first time, after multiple assurances that a Single Day Adult Ticket to Lake Compounce costs $34.99 and much time invested in selecting her tickets, that the consumer is told of the $4.00 Processing Fee. From there, the consumer may make her selection and click the "Continue" button again. *Id.*



**Figure 6**

16.     Once the consumer clicks the "Continue" button again, she is again presented with more options to upgrade, including adding a drink. *See* Figure 7, next page.



**Figure 7**

17. From there, the consumer may click the "Continue" button again, where she is then asked to input her personal information, including her name, birth date, and contact information. *See* Figure 8.



**Figure 8**

9

18. After the consumer inputs her information and clicks the "Continue" button again, she is presented with the final checkout screen where she is requested to input her payment information. See Figure 9. On this page, the consumer is not shown the breakdown of her price. *Id.* All Lake Compounce tells the consumer is her total price—Lake Compounce does not inform the consumer what portion of her total cost is a "Processing Fee" or even that her total cost includes a "Processing Fee." *Id.*



**Figure 9**

**CONNECTICUT TICKET SCALPING LAW**

19. Effective October 1, 2023, Connecticut amended its Ticket Scalping law to provide that "No person shall advertise the prices of tickets to any entertainment event, including, but not limited to, any place of amusement, arena, stadium, theater, performance,

sport, exhibition or athletic contest given in this state for which a service charge is imposed for the sale of a ticket at the site of the event, without conspicuously disclosing in such advertisement, whether displayed at the site of the event or elsewhere, the total price for each ticket and what portion of each ticket price, stated in a dollar amount, represents a service charge" C.G.S.A. § 53-289a. "Any person that facilitates the sale or resale of a ticket to an entertainment event shall (A) disclose the total price of such ticket, which total price shall include all service charges required to purchase such ticket, and (B) disclose, in a clear and conspicuous manner, to the purchaser of such ticket the portion of the total ticket price, expressed as a dollar amount, that is attributable to service charges charged to such purchaser for such ticket." C.G.S.A. § 53-289a(d)(1). "No disclosure required under this subsection shall be (A) false or misleading, (B) presented more prominently than the total ticket price, or (C) displayed in a font size that is as large or larger than the font size in which the total ticket price is displayed." C.G.S.A. § 53-289a(d)(3); *compare with* Figures 2 to 9.

20. Connecticut law prohibits unfair and deceptive trade practices, providing that "[n]o person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." C.G.S.A. § 42-110b(a). C.G.S.A. §§ 42-110g, *et seq.* provides for a private right of action and recovery of actual damages.

## CLASS REPRESENTATION ALLEGATIONS

21. Plaintiff seeks to represent a class defined as all individuals in the United States who purchased tickets to Lake Compounce from Defendant's website on or after October 1, 2023 (the "Class"). Excluded from the Class is any entity in which Defendant has a controlling interest, and officers or directors of Defendant.

11

22. Members of the Class are so numerous that their individual joinder herein is impracticable. On information and belief, members of the Class are over a million. The precise number of Class members and their identities are unknown to Plaintiff at this time but may be determined through discovery. Class members may be notified of the pendency of this action by mail, email, and/or publication through the distribution records of Defendant.

23. Common questions of law and fact exist as to all Class members and predominate over questions affecting only individual Class members. Common legal and factual questions include, but are not limited to: (a) whether Defendant advertised the prices of tickets to its amusement park without conspicuously disclosing the total price for each ticket and what portion of each ticket price, stated in dollar amount, represents a service charge in its advertisement in violation of C.G.S.A. § 53-289a(b); (b) whether the disclosure was false of misleading, was presented more prominently than the total ticket price, or displayed in a font size that is as large or larger than the font size in which the total ticket price is displayed in violation of C.G.S.A. § 53-289a(d)(3).

24. The claims of the named Plaintiff are typical of the claims of the Class in that the named Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct, based upon Defendant's failure to disclose the total price of its tickets, including Defendant's online processing fees, throughout the online ticket purchase process.

25. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

26. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class members.  Each individual Class member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendant's liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**FIRST CAUSE OF ACTION**
**Violation of Connecticut Unfair Trade Practices Act,**
**C.G.S.A. §§ 42-110a, *et seq.***
**(On Behalf Of The Class)**

27. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

28. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

29. Defendant engaged in deceptive acts or practices in the conduct of their business, trade, and commerce or furnishing of services, in violation of Connecticut Unfair Trade Practices Act, C.G.S.A. §§ 42-110a, et seq., because their deceptive acts occurred during their operation of their amusement park business.

30. Defendant is a "person that facilitates the sale or resale of a ticket to an entertainment event" because Defendant operates Lake Compounce, which is an "entertainment

13

event." An "entertainment event" means "any place of <u>amusement</u>, area, stadium, theater, performance, sport, exhibition, or athletic contest." C.G.S.A. § 53-289a(b) (emphasis added). In particular, Defendant operates a themed amusement and water park where guests can ride rollercoasters, Ferris wheels, water slides, tube down lazy rivers, play in water playgrounds, and ride go-carts and bumper cars.

31. Defendant violated Connecticut's Unfair & Deceptive Trade Practices Act by violating Connecticut's Ticket Scalping Law when it "advertise[d] the prices of tickets to [its] entertainment event … for which a service charge is imposed for the sale of a ticket at the site of the event, without conspicuously disclosing in such advertisement, … the total price for each ticket and what portion of each ticket price, stated in a dollar amount, represents a service charge," as depicted in Figures 2 through 9 of this Complaint. C.G.S.A. § 53-289a(b).

32. Defendant also violated Connecticut's Unfair & Deceptive Trade Practices Act by violating Connecticut's Ticket Scalping Law when it failed to "disclose the total price of such ticket, which total price shall include all service charges required to purchase such ticket, and (B) disclose, in a clear and conspicuous manner, to the purchaser of such ticket the portion of the total ticket price, expressed as a dollar amount, that is attributable to service charges charged to such purchaser for such ticket," as depicted in Figures 2 through 9 of this Complaint. C.G.S.A. § 53-289a(d)(1).

33. Defendant also violated Connecticut's Unfair & Deceptive Trade Practices Act by violating Connecticut's Ticket Scalping Law because its disclosure was "(A) false or misleading, (B) presented more prominently than the total ticket price, or (C) displayed in a font size that is as large or larger than the font size in which the total ticket price is displayed," as depicted in Figures 2 through 9 of this Complaint. C.G.S.A § 53-289a(d)(3).

34. The Processing Fees that Defendant charges are "service charges required to purchase such ticket." C.G.S.A. § 53-289a(d)(1).

35. On or about April 30, 2024, Plaintiff purchased one 2024 Gold Season Pass to Lake Compounce on or about April 30, 2024 through Defendant's website, lakecompounce.com and was forced to pay Defendant's service charges. Plaintiff was harmed by paying these service charges because the total price and the service charge were not conspicuously disclosed to Plaintiff in Lake Compounce's advertisement, and therefore, is unlawful pursuant to Connecticut's Ticket Scalping Law.

36. By hiding its processing fees, Defendant was able to reduce price competition and cause consumer harm to individuals like Plaintiff.

37. Plaintiff has suffered an ascertainable loss through the payment of unlawful processing fees.

38. Defendant's conduct constitutes an unfair and deceptive trade practice in that the violation of Connecticut's Ticket Scalping Law offends public policy.

39. At the time Plaintiff purchased her ticket, she was not aware that Defendant's fees were unlawful under Connecticut Law. She was not browsing websites in search of legal violations. Instead, Plaintiff was browsing Defendant's website because she sincerely intended to purchase a ticket, and she did, in fact, purchase that ticket.

40. On behalf of herself and members of the Class, Plaintiff seeks to enjoin the unlawful acts and practices described herein, to recover her actual damages and reasonable attorneys' fees. *See* C.G.S.A. §§ 42-110g, *et seq.*

## SECOND CAUSE OF ACTION
**Unjust Enrichment**
**(On Behalf Of The Class)**

41. Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully

15

set forth herein.

42. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

43. Plaintiff and Class Members conferred a benefit on Defendant by paying Defendant's processing fee that was unlawfully charged to them. Defendant profits more by charging processing fees in connection with online ticket sales to its Lake Compounce amusement park. The manner in which Defendant charges these processing fees is unlawful under C.G.S.A § 53-289a. Therefore, Defendant unlawfully enriched itself by charging Plaintiff and the Class these processing fees.

44. It is unjust and inequitable for Defendant to retain these benefits because they were attained by misleading and misrepresenting the true cost of tickets to its place of entertainment, and were attained in plain violation of Connecticut law.

45. Equity cannot in good conscience permit Defendant to retain the benefits derived from plaintiff and the Class through its unjust and unlawful acts, and therefore restitution or disgorgement of the amount of their unjust enrichment is required.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the members of the Class prays for judgment as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendant's conduct violates the statutes referenced herein;

(c) For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(d) For compensatory and actual damages in amounts to be determined by the Court and/or jury;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

Dated: April 25, 2025                               Respectfully submitted,

**REARDON SCANLON LLP**

By: */s/ James J. Reardon, Jr.*
         James J. Reardon, Jr.

James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
Email:  james.reardon@reardonscanlon.com


**BURSOR & FISHER, P.A.**
Philip L. Fraietta (*pro hac vice* forthcoming)
Eleanor R. Grasso (*pro hac vice* forthcoming)
1330 Avenue of the Americas
32nd Floor
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email: pfraietta@bursor.com
            egrasso@bursor.com

Stefan Bogdanovich (*pro hac vice* forthcoming)
1990 North California Blvd.
9th Floor
Walnut Creek, CA 94596

Telephone: (925) 200-4455
Facsimile: (925) 407-2700
Email: sbogdanovich@bursor.com

*Attorneys for Plaintiff*